**In re Shelba James JONES, SSN 441–48–0045, Debtor.**

**Bankruptcy No. 89–70702.**

United States Bankruptcy Court, E.D. Oklahoma.

Oct. 30, 1989.

James A. Conrady, Okmulgee, Okl., for debtor.

G. Robert Inglish, Jr., Okmulgee, Okl., for creditor, Bobo Oilfield Supply.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On August 29, 1989, this Court conducted a hearing with regard to an Objection to Exemption by Bobo Oilfield Supply (Bobo) (Docket Entry # 4) with a Response to the Objection by the Debtor (Docket Entry # 7), a Motion to Avoid the Lien as to Bobo (Docket Entry # 11) with a Response and Objection to the Motion by Bobo (Docket Entry # 13), with a further Objection to the Motion to Avoid Lien by Bobo (Docket Entry # 22).

Appearances at the hearing were made by James Conrady on behalf of the Debtor and Robert Inglish for Bobo.

At the conclusion of the trial, the parties were given an opportunity to file legal Briefs on the issues involved in this case. Said Briefs were timely filed by each party and thus were considered in the formulation of this Order.

After review of the above-referenced pleadings, the evidence presented at trial, the Briefs submitted by the parties and the applicable law in the area, this Court does hereby enter the following Statement of Facts and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUES

Trial gave rise to three issues to be resolved in this Order:

(a) Whether the Debtor has sufficiently demonstrated the indicia necessary for establishing a homestead under the laws of the State of Oklahoma;

(b) Whether the filing of a Petition for Separate Maintenance and estrangement from her husband is sufficient to allow the Debtor to claim a homestead exemption, under the circumstances of this case and the applicable law;

(c) Whether a judicial lien which attached during the period when the property was not subject to a homestead exemption may be avoided pursuant to 11 U.S.C. § 522(f)(1).

## STATEMENT OF FACTS

As a result of a Divorce Decree entered in November of 1984, the Debtor was awarded certain real property, more particularly described as:

Lots Eleven (11) and Twelve (12), Block Five (5) in Park View Addition to the City of Okmulgee, Okmulgee County, State of Oklahoma

Property Address: 605 South Ohio, Okmulgee, OK 74447

The Debtor continued to live in this home until 1987 when she married Mr. Steve Jones. However, the Debtor primarily resided in Tulsa, Oklahoma and in Glenpool, Oklahoma for the years 1987 and 1988. Neither the Debtor nor Steve Jones has owned other real estate since their marriage. Rather, the couple rented property in the two cities.

The Debtor leased the Okmulgee property in February of 1988 to a party with an option to purchase. The lessee stayed in the property until December, 1988. The Debtor also attempted to sell the subject Okmulgee property during this time, but failed in her efforts.

The Debtor filed a Petition for Separate Maintenance in the District Court of Tulsa County, Oklahoma on June 8, 1989. The Debtor returned to the Okmulgee home in May of 1989. The Debtor changed the utilities in the property to her own name just prior to moving back. The Debtor kept some personal property in the Okmulgee home while it was being leased. Further, the Debtor continued to maintain payments on the Okmulgee property subsequent to the expiration of the lease in December of 1988.

The Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on June 12, 1989 claiming the Okmulgee home as exempt under the homestead exemption provided for in the Oklahoma Statutes.

Creditor Bobo obtained a general Judgment and filed said Judgment of record in the County Clerk's Office of Okmulgee County, Oklahoma on July 23, 1987.

## CONCLUSIONS OF LAW

A. Since Oklahoma chose to exercise its ability to opt-out granted under the United States Bankruptcy Code in determining that property which may be claimed as exempt by a debtor, this Court shall rely solely upon the homestead exemption statute found in Okla.Stat.Ann. tit. 31, § 2 (West 1989) and Oklahoma case law interpreting property and circumstances which constitute "homestead" in this decision.

B. In order to impress property with homestead character, two elements must be satisfied under Oklahoma law. First, "there must be a fixed intention to make a home on the property evidenced by overt acts of preparation in the erection of improvements and in the preparation of the

land for a home;" and second, "the actual occupancy of the land, or an attempt in good faith to do so, must follow the overt act of preparation without unreasonable delay." *Enosburg Falls Savings Bank & Trust Company v. McKinney*, 172 Okl. 298, 44 P.2d 987 (1935). Homestead character continues until the owner of the property disposes of said property or leaves it with the intention of not returning or forms such intention after leaving. *White Investment Company v. Stupart*, 152 Okl. 144, 4 P.2d 77 (1931).

■ The Debtor in the instant case expressed an intention to consider the land and the home located thereon as homestead and reside there permanently as evidenced by the actual occupancy, etc. pre-Petition and claimed exemption in this proceeding. However, "this intention should not only be in the minds of the parties, but should be evidenced by some unmistakable acts, showing the intention to carry out such a design." *Jefferson, et al. v. Henderson, et al.*, 140 Okl. 86, 282 P. 677 (1929). Although Bobo introduced evidence from which an inference could be drawn to indicate questionable intent, such evidence was insufficient for this Court to rest its decision. Further, the relatively short period of time between the Debtor occupying the Okmulgee home and the filing of the bankruptcy also is of suspicious consequence. However, the Debtor's intent was borne out by her testimony and actions of actually occupying the Okmulgee home, and thus the two required elements to establish a homestead under Oklahoma law are hereby found to exist.

■ C. The second question this Court must address before it can find that a homestead exemption is proper in this case is the effect of the Petition for Separate Maintenance and estrangement from her husband considering the language of the Oklahoma statute on exemptions. The applicability of the homestead exemption is limited to "the homestead of any family in this state or the homestead of a single, adult person in this state ..." Okla.Stat. Ann. tit. 31, § 2 (West Supp.1989). A literal reading of the Oklahoma statute reveals

that the Debtor is not a single person under the common definition of that term. Rather, the Debtor, despite having filed a Petition for Separate Maintenance, is still in a state of marriage with her estranged husband. Thus, in the eyes of the Oklahoma exemption statute, there still exists a "family unit" in this case.

The question as to who chooses the homestead is complicated by the repeal of Okla.Stat.Ann. tit. 32, § 2 (West 1976) which established that the husband was the head of the family and as such chose the homestead. With the state of ambiguity that now exists, we must conclude that either member of the "family unit" being either the husband or the wife, may elect the homestead. Since the Debtor's estranged husband has never declared a homestead for the family, the Debtor, as wife, may do so and thus her claim of homestead exemption as to the Okmulgee property is valid and proper.

■ D. The final question to be decided in pursuit of resolving this matter is whether Bobo in fact possesses a judicial lien which may not be avoided due to attachment during the period when the property was not subject to homestead exemption. Bobo's interest in the Okmulgee real property did properly attach according to the laws of the State of Oklahoma. See Okla. Stat.Ann. tit. 12, § 706(A) (West 1989). The question then is whether the Debtor may avoid this lien.

Clearly, while "a state may elect to control what property is exempt under state law ... federal law determines the availability of the lien avoidance provision." *In re Leonard*, 866 F.2d 335, 336 (10th Cir. 1989).

The avoidance of a judicial lien is governed by 11 U.S.C. § 522(f)(1) which states:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien ...

Thus, § 522(f) has three conditions which must be met for lien avoidance to occur: (1) the lien to be avoided must have fixed "on an interest of the debtor in property;" (2) the lien must impair "an exemption to which the debtor would have been entitled;" and (3) the lien must be a "judicial lien."

E. Since the Debtor obtained an interest in the property in November of 1984 and the attachment of the lien on the Okmulgee property by Bobo was effectuated in July of 1987, the Debtor did have an interest in the property at the time of the fixing of the lien. Thus, the first condition of § 522(f) has been met.

F. Under Oklahoma law, it would appear that the Debtor would be entitled to a homestead exemption absent the security interest and thus, the second element of § 522(f) is satisfied. See *In re Leonard,* supra at p. 336.

G. Lastly, we have determined that the lien possessed by Bobo is a judicial lien and therefore the third element is satisfied.

As a result, pursuant to Federal Bankruptcy law, the Debtor is entitled to avoid the lien possessed by Bobo on the subject Okmulgee property. See generally *In re Baxter,* 19 B.R. 674 (Bankr. 9th Cir.1982).

IT IS THEREFORE ORDERED that the Objection to Exemption filed by Bobo Oilfield Supply is hereby overruled.

IT IS FURTHER ORDERED that the Motion to Avoid the lien of Bobo Oilfield Supply filed by the Debtor is hereby granted for the reasons stated hereinabove.