2002 OK 31

**JONES, GIVENS, GOTCHER & BOGAN, P.C., Plaintiff,**

v.

**Jim D. BERGER, and Tana D. Parks, Defendants/Appellant.**

No. 95,297.

Supreme Court of Oklahoma.

April 23, 2002.

Debbra Gottschalk, Tulsa, OK, for the Defendant/Appellant, Jim Berger.

Darven Brown, Ginger Brady, Tulsa, OK, for Appellees, Ted Parks, L.L.C. and Ted Parks.

Tracy Robinett, Tulsa, OK, for Appellee, David Gordon White.

BOUDREAU, J.

¶1 Jim Berger (Mr. Berger or Berger) owned a house and lot in Tulsa, Oklahoma. Mr. Berger had previously claimed homestead exemption for the property shortly after his divorce from Defendant, Tana Parks Berger (Ms. Parks). Plaintiff, Jones, Givens, Gotcher & Bogan, P.C. had a claim against Jim and Tana Berger. Jones, Givens, Gotcher & Bogan, P.C. settled its claim against Ms. Parks and took a default judgment against Mr. Berger. Jones, Givens, Gotcher & Bogan, P.C. assigned its judgment against Mr. Berger to Ms. Parks' parents, Ted and Jessie Parks. Ted Parks then assigned his interest to Ted Parks, L.L.C. and Jessie Parks' interest became one of the assets of her estate upon her death.[1] Ted Parks, L.L.C. ultimately issued execution on the judgment against the property in Tulsa, resulting in sheriff's sale proceedings. Mr. Berger objected to the sheriff's sale based on his asserted homestead exemption for the property, while the creditors contested Berger's claims of homestead exemption.

¶2 The trial court conducted an evidentiary hearing, after which it issued an order. The order found as follows:

1. Defendant established the property in question as his homestead shortly after his divorce from Tana Parks in 1998.

2. Defendant established a residence in Bella Vista, Arkansas and married again, and has been using a post office box mailing address in Bentonville, Arkansas since 1998.

3. Defendant leases the property to tenants who occupy the house as a residence on a full-time basis, although Defendant excluded "the front southwest bedroom for [his] personal office and bedroom with access to the entire home."

4. Oklahoma's homestead exemption is designed to protect the family's home as its principal residence. *The evidence is both clear and convincing that Defendant no longer uses the property in question as his principal residence, and the Court has no serious doubt that the Defendant's home is not in Tulsa, Oklahoma, but in Arkansas.* Although Defendant states to the contrary, the evidence of Defendant's own actions clearly shows that Arkansas is considered his principal residence and his home, and not this rented house in Tulsa, Oklahoma. (Emphasis added)

5. The property in question is no longer exempt as Defendant's homestead and is therefore subject to attachment, execution or forced sale.

Based on these findings, the trial court confirmed the sheriff's sale.

¶3 In confirming the sheriff's sale, the trial court focused its inquiry on identifying Berger's principal residence. In doing so, the trial court relied on a 1980 amendment to 31 O.S. § 1(A) 1, which provides the following:

---

1. In addition to Ted and Jessie Parks, the executor of the estate of Winifred White, David Gordon White, also claimed an interest in the property as a judgment creditor, but was not listed in the original style of the case and is not listed in the style of the appealed from order. We will follow Supreme Court Rule 1.25(b), which provides that the style heading used in the appealed from order shall be the one used for purposes of appeal. Oklahoma Supreme Court Rules 12 O.S. Supp, Ch. 15, App.

Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

1. The home of such person, provided that such home is the *principal residence* of such person. (emphasis added).

Once the trial court found Berger no longer used the Tulsa property as his principal residence, it determined that the property could not be impressed with the homestead exemption.

¶ 4 After the trial court's decision, Berger moved for a new trial. The trial court overruled his motion. Berger appealed the trial court's order overruling his new trial motion. The Court of Civil Appeals, with one judge dissenting, affirmed the trial court order confirming the sheriff's sale and Mr. Berger sought certiorari to this Court. In his Petition for Certiorari, Berger asserted the trial court erroneously shifted the burden of proof by requiring him to prove the home was his principal residence, instead of requiring the creditors to prove he abandoned the Tulsa property.

## I. Standard of Review

¶ 5 In reviewing a trial court's decision denying a motion for new trial, the appellate court employs an abuse of discretion standard of review. *State v. Vaughn*, 2000 OK 63, 11 P.3d 211; *Soldan v. Stone Video*, 1999 OK 66, 988 P.2d 1268. Although a trial court is vested with wide discretion in denying a new trial, its order will be reversed if the trial court is deemed to have erred with respect to a pure, simple and unmixed question of law. *Bishop's Restaurants, Inc. of Tulsa v. Whomble*, 1960 OK 44, 355 P.2d 560, 563; *Nash v. Hiller*, 1963 OK 63, 380 P.2d 77, 80. This case falls into the latter category.

## II. The Homestead Exemption

¶ 6 In Oklahoma, the homestead exemption is both a statutorily and constitu-

tionally created right. Okla. Const. art. 12, § 2; 31 O.S. Supp.1999, § 1(A)1 & 2; see *Ludeman v. Armbruster*, 1946 OK 38, 165 P.2d 835. The exemption is intended to shield the family's home from the reach of creditors. *In the Matter of Wallace's Estate*, 1982 OK 80, 648 P.2d 828. A properly claimed homestead exemption protects the property from attachment, execution or forced sale by creditors. *Id.* Homestead exemption laws must be construed in favor of the "spirit that prompted their enactment" and are thus liberally construed in favor of preserving the family home. *In re Kretzinger*, 103 F.3d 943 (10th Cir.1996); *See also In re Hughes*, 166 B.R. 957 (Bankr.E.D.Okla. 1994).

¶ 7 A property owner asserting the homestead character of his property against a creditor has the burden of establishing that the property is impressed with the homestead exemption. *See Hensley v. Fletcher*, 1935 OK 458, 172 Okla. 19, 44 P.2d 63; *Merritt v. Park Nat'l Bank of Sulphur*, 1920 OK 51, 77 Okla. 148, 187 P. 232. Once homestead character attaches to the property, it continues to be the homestead until the owner voluntarily changes its character either by disposing of the property, abandoning it or performing some other act which relinquishes his right to the exemption. *Alexander v. Love Co. Nat'l Bank of Marietta*, 1950 OK 221, 223 P.2d 363, 365; *Kunauntubbee v. Greer*, 1958 OK 76, 323 P.2d 725, 730–31; *In the Matter of Wallace's Estate*, 648 P.2d at 832. Accordingly, once a property owner demonstrates that homestead character attached to the property, creditors or other parties attempting to defeat the claim of homestead bear the burden of proving the owner either relinquished, waived or abandoned the homestead right. *Alexander*, 223 P.2d at 365.

## III. Trial Court Erred by Failing to Apply the Law of Homestead Abandonment

¶ 8 The trial court found in its order that the property in question was impressed with homestead character after Berger's 1998 divorce. Once it made that finding, the

trial court should have then directed its inquiry into whether Berger abandoned the homestead after that time and not whether the property continued to be his principal residence. The legislature did not abrogate the law of abandonment when it adopted the 1980 amendment to 31 O.S. § 1(A)1, providing a home must be a person's principal residence in order to be exempt from forced sale. Were we to hold otherwise, this Court would place the amendment in direct conflict with the provisions of Okla. Const. art. 12 § 2 and 31 O.S. 1(A)1, allowing a homestead to be rented temporarily without changing its character. Both the Oklahoma Supreme Court and the federal bankruptcy courts in Oklahoma have continued to apply pre-amendment case law of homestead abandonment. *In the Matter of Wallace's Estate,* 648 P.2d at 831–32; *In re Simpson,* 206 B.R. 230 (Bankr.E.D.Okla.1997).

¶ 9 In our view, the 1980 amendment defines the type of occupancy that is sufficient, in the first instance, to impress the property with homestead status. The amendment requires the property be the principal residence of the owner or his family in order for the homestead character to vest. It does not change pre-amendment jurisprudence relating to homestead abandonment.

¶ 10 To establish a property has been abandoned and therefore no longer shielded with the homestead exemption, the party attacking the homestead status must show by clear and convincing evidence the owner of the property 1) moved from the premises and 2) formed the intent never to return, either at the time of moving or sometime thereafter. *Kunauntubbee,* 323 P.2d at 731. This is primarily a question of the property owner's intent. This intent is determined not only from the property owner's declarations, but also from his acts and the circumstances surrounding his absence from the property. *Id.; Alexander,* 223 P.2d at 365.

¶ 11 The fact that an owner is no longer using property as a principal resi-

dence may be relevant on the issue of abandonment, but it is not dispositive. An owner's temporary absence from the property or an owner's occupancy of another premises does not necessarily demonstrate an intent to abandon the homestead under Oklahoma law. 31 O.S. Supp.1997, § 2(E); *In re Jones,* 107 B.R. 350 (Bankr.E.D.Okla.1989). Oklahoma law does not impose a requirement of continuous occupation to preserve a homestead. Similarly, the leasing of part or all of a homestead property does not as a matter of law establish an abandonment. Okla. Const. art 12 § 2; 31 O.S. Supp.1997, § 2(E); *see also In re Jones,* 107 B.R. 350. Rather, a court must consider all the pertinent facts or circumstances in determining whether the owner formed the intent never to return. In evaluating an owner's intent, this Court has considered such factors as the length of the owner's absence, the reasons for the absence, purchase of a new home[2], declaring another homestead, attempts to sell the would-be homestead, or declarations never to return. *Alexander,* 223 P.2d at 365–66; *Kunauntubbee,* 323 P.2d at 731.

¶ 12 Once Berger established at trial the property in question was impressed with the homestead exemption, the burden of proof shifted to the creditors to demonstrate that he had abandoned the homestead. At that point, the trial court should have focused its inquiry as to whether the creditors had demonstrated by clear and convincing evidence that Berger moved from the premises and had formed the intent, either concurrently with the move or subsequent thereto, never to return. The order confirming the sheriff's sale made no finding of fact with respect to Berger's intent never to return to the Tulsa property. Instead, the trial court limited its findings in the order to whether Berger was currently using the property as his principal residence. By failing to inquire as to whether Berger formed the intent never to return, the trial court applied an erroneous legal standard.

---

**2.** Impressing another property with homestead character defeats the exemption of any previous homestead. *In the Matter of Wallace's Estate,* 648 P.2d at 832. However, simply living in

another home does not automatically defeat a previously claimed homestead exemption. *In re Jones,* 107 B.R. 350.

¶ 13 We find that the trial court abused its discretion when it failed to sustain Berger's motion for new trial. We reverse and remand this matter to the trial court with directions to conduct a new evidentiary hearing to determine whether creditors can establish by clear and convincing evidence that Berger abandoned the property as his homestead.

¶ 14 CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; DECISION OF THE TRIAL COURT REVERSED AND CAUSE REMANDED WITH DIRECTIONS TO PROCEED IN A MANNER CONSISTENT WITH THIS OPINION.

HARGRAVE, C.J., WATT, V.C.J., and HODGES, LAVENDER, OPALA, and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

WINCHESTER, J., dissents.