In re Brian Neal TROUTMAN, Debtor.

No. 07–12287.

United States Bankruptcy Court,
W.D. Oklahoma.

Oct. 29, 2007.

Daniel J. Stoner, Oklahoma City, OK, for the Debtor.

Kevin M. Coffey, Trustee.

### ORDER DENYING THE TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

RICHARD L. BOHANON, Bankruptcy Judge.

The facts concerning this contested matter are undisputed and the issue remaining is purely a question of Oklahoma law.

The debtor had a homestead, and six days prior to filing his bankruptcy petition he entered into a contract to sell it. The debtor remained in possession before and after the petition was filed. The sale transaction was closed post petition, and the debtor delivered legal title and possession to the buyer.

The issue is whether or not the property was exempt as a homestead on the petition date. If it is not exempt, the right to recover the sale proceeds is property of the estate.

The Oklahoma Constitution and statutes provide that a person's homestead is exempt from creditors, and Oklahoma has opted out of the Federal exemption scheme. *See* Okla. Const. art. 12 § 2 and

31 O.S. 1(A)1. The seminal decision of the Supreme Court of Oklahoma on the issue is *Jones, Givens, Gotcher & Bogan, P.C. v. Berger,* 46 P.3d 698 (2002). It concludes that "[once] homestead character attaches to the property, it continues to be the homestead until the owner voluntarily changes its character either by disposing of the property, abandoning it or performing some other act which relinquishes his right to the exemption." *Id* at 701.

Here the parties stipulate that the debtor never abandoned the homestead so the issue is whether, by entering into the contract for sale, he disposed of it or committed some other act which relinquished his exemption.

■ I conclude the debtor did not dispose of the homestead based on the ordinary meaning of the verb as defined, in relevant part, by the NEW SHORTER OXFORD ENGLISH DICTIONARY Vol. 1, pp. 699–700 as to "4 Formally assign or hand over"... "11 Get rid of, deal conclusively with" ... "12 Transfer into the hands of another by sale or bequest."

Here the homestead wasn't formally assigned and handed over to the buyer until the closing; it wasn't dealt with conclusively until the closing for that definition implies the disposition doesn't occur until the transaction is concluded and legal title passes; and it wasn't transferred into the hands of the buyer until possession was transferred at the closing.

■ This then leaves the question of whether or not the sales contract constitutes an act which relinquished debtor's right to the exemption. Unfortunately, *Jones* doesn't provide any guidance as to what the Court meant by this phrase, and the parties cite no other Oklahoma authority on this issue. This means I must make a prediction as to what the Court would conclude if presented with this same issue.

■ It is a long-standing principle in Oklahoma jurisprudence that "[h]omestead exemption laws must be construed in favor of the 'spirit that prompted their enactment' and are thus construed in favor of preserving the family home." *Jones* at 701 [citations omitted].

■ In other words, in case of doubt a court must give the benefit of the doubt to a debtor. Since I am presented with no other Oklahoma authority, I thus conclude that the Supreme Court of Oklahoma would hold that under these circumstances the exemption was not relinquished until the transaction was concluded and closed and the debtor delivered legal title and the right to possession.

Accordingly, the relief requested by the trustee's objection to the debtor's claim of exemption is denied.