**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: JERRY GRANT,

     Debtor.

--------------------

JUNE CLABAUGH,

     Appellant,

v.

JERRY GRANT,

     Appellee.

No. 16-6062
(BAP No. 15-035-WO)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

June Clabaugh appeals from a decision of the Tenth Circuit Bankruptcy

Appellate Panel (BAP) that affirmed the bankruptcy court's order avoiding her

judicial lien on debtor Jerry Grant's home because it impaired his homestead

exemption.  We have jurisdiction under 28 U.S.C. § 158(d)(1) and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

Ms. Clabaugh inherited valuable coins and heirlooms worth as much as $2 million from her father and placed them in a safe deposit box. The bank lost the ownership records and, in attempting to locate the owner, used information in the box to contact Mr. Grant. Mr. Grant falsely told the bank he was the personal representative of Ms. Clabaugh's father's estate. He took possession of the box's contents and says he sold them for $488.00.

Ms. Clabaugh sued the bank and Mr. Grant when she discovered what happened. She settled with the bank and obtained a $1.25 million judgment against Mr. Grant for conversion. *See Clabaugh v. Grant* (*In re First Am. Bank & Trust*), 347 P.3d 1044, 1049-51. (Okla. Civ. App. 2014) (affirming conversion judgment and damage award, reversing fraud judgment), *cert. denied* (Mar. 30, 2015). Ms. Clabaugh recorded her judgment, which by operation of state law attached a judicial lien on Mr. Grant's real estate, including his residence.

Mr. Grant declared bankruptcy and listed his residence as his homestead exemption. Oklahoma's Constitution and laws permit a person's principal residence to be exempt from attachment or forced sale for payment of debts. *See Jones, Givens, Gotcher & Bogan, P.C. v. Berger*, 46 P.3d 698, 701 (Okla. 2002) (citing Okla. Const. art. 12, § 2; Okla. Stat. Ann. tit. 31, § 1(A)). Ms. Clabaugh initially objected to the homestead exemption, arguing Mr. Grant used the property as a business, but later withdrew her objection.

Mr. Grant then moved under 11 U.S.C. § 522(f)(1)(A) to avoid Ms. Clabaugh's judicial lien on his home. The Bankruptcy Code permits a debtor to avoid a judicial lien if it impairs an exemption the debtor is entitled to claim, such as a homestead exemption permitted by state law. *See id.* The bankruptcy court granted the motion over Ms. Clabaugh's objections. The court found that Mr. Grant met all of § 522(f)(1)(A)'s requirements because Ms. Clabaugh's claim was based on a judicial lien, it impaired his homestead exemption, and he possessed the residential property at the time the lien attached. *See Farrey v. Sanderfoot*, 500 U.S. 291, 295-96 (1991) (listing requirements to avoid a judicial lien under § 522(f)(1)(A)). The bankruptcy court later ruled that Mr. Grant's debt to Ms. Clabaugh was nondischargeable because he had willfully and maliciously injured her property by conversion. *See* 11 U.S.C. § 523(a)(6) (debts arising from "willful and malicious injury by the debtor to another entity or to the property of another entity" are nondischargeable).

Ms. Clabaugh appealed the § 522(f)(1)(A) avoidance order to the BAP, which affirmed, holding that the bankruptcy court lacked authority under the Bankruptcy Code to deny Mr. Grant's § 522(f)(1)(A) motion. She now appeals to this court.

## II.  DISCUSSION

Despite what happened to Ms. Clabaugh and her success in obtaining the conversion judgment against Mr. Grant, we are bound by Supreme Court precedent and the Bankruptcy Code to affirm. "In an appeal from a final decision of a bankruptcy court, we independently review the bankruptcy court's decision, applying

- 3 -

the same standard as the bankruptcy appellate panel or district court." *In re Millennium Multiple Emp'r Welfare Benefit Plan*, 772 F.3d 634, 638 (10th Cir. 2014) (brackets and internal quotation marks omitted). We review the bankruptcy court's legal conclusions de novo and its factual findings for clear error. *Id*. at 639.

Ms. Clabaugh's first two appellate arguments challenge the validity of Mr. Grant's homestead exemption, claiming Mr. Grant is ineligible because he is single. She did not raise this objection to the homestead exemption in the bankruptcy court; indeed, after withdrawing her objection contending Mr. Grant used the property as a business, she expressly told the court she was not contesting the validity of Mr. Grant's homestead exemption. Aplt. App. at 388, 390. Because Ms. Clabaugh intentionally relinquished her objections to the homestead exemption before the bankruptcy court, her first two arguments are waived, and we will not consider them. *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014).

Ms. Clabaugh's third, fourth, fifth, and sixth arguments all contend that the bankruptcy court has the equitable power to deny Mr. Grant's right to avoid the judgment lien on his home under § 522(f)(1)(A) because Mr. Grant is a dishonest debtor who is concealing his assets from the court, including her coins and heirlooms, and because his debt is nondischargeable under § 523(a)(6). Ms. Clabaugh does not dispute that Mr. Grant meets all of the statutory requirements for avoiding her judicial lien under § 522(f)(1)(A), and she cites no statutory provision in the Bankruptcy Code that would limit this exemption. Rather, she

argues the court has the inherent equitable power to deny this exemption. She relies upon *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), which held that a bankruptcy court has the equitable power under 11 U.S.C. § 105 to deny a Chapter 7 debtor's right to convert to a Chapter 13 bankruptcy if the debtor is an atypical dishonest debtor who acted in bad faith. 549 U.S. at 371, 374-75. She contends Mr. Grant acted in bad faith and cites cases holding that equity will not suffer a wrong without a remedy.

But as the both the bankruptcy court and the BAP explained here, the Supreme Court's decision in *Law v. Siegel*, 134 S. Ct. 1188 (2014), refined *Marrama*'s holding, and unanimously rejected her arguments. *Siegel* held the Bankruptcy Code does not confer "a general, equitable power in bankruptcy courts to deny exemptions based on a debtor's bad-faith conduct." 134 S. Ct. at 1196; *id.* at 1197 ("*Marrama* most certainly did not endorse, even in dictum, the view that equitable considerations permit a bankruptcy court to contravene express provisions of the [Bankruptcy] Code."). The debtor in *Siegel* created a fictitious and fraudulent lien on his home to eliminate any equity and maximize his homestead exemption. The bankruptcy court granted the trustee's motion to surcharge the debtor's exemption to offset the exorbitant litigation costs of uncovering the debtor's fraud. The Supreme Court held that the bankruptcy court exceeded its inherent equitable powers in doing so, however, because it contravened the specific provisions of § 522 regarding the debtor's valid homestead exemption. *Id*. at 1195-96.

*Siegel* recognized that a bankruptcy court has broad equitable powers under § 105 "to issue any order . . . necessary or appropriate to carry out the provisions of the Bankruptcy Code" and has "inherent power to sanction abusive litigation practices." 134 S. Ct. at 1194 (ellipsis and internal quotation marks omitted). But it also said any equitable powers possessed by "the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code," *id.* (internal quotation marks omitted), and "§ 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate," *id.* at 1196. "[T]he court may not refuse to honor the [§ 522] exemption absent a valid statutory basis for doing so," nor may it add exceptions not found in the statute. *Id*. The Court noted that bankruptcy courts retain "authority to respond to debtor misconduct with meaningful sanctions[,]" including authority to deny a dishonest debtor discharge, *id*. at 1198, but made clear that "federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code," *id*. at 1197 (emphasis omitted).

Ms. Clabaugh attempts to distinguish her case from *Siegel*, arguing that (1) Mr. Grant is a more extreme, atypical dishonest debtor than the debtor in *Siegel*; (2) the debtor in *Siegel* had not been found guilty of conversion; and (3) the trustee in *Siegel* failed to file a timely objection to the homestead exemption. Although *Siegel* involved different misconduct than Mr. Grant's, its broad holding is dispositive of this case. However persuasive Ms. Clabaugh's equitable arguments may be, we agree with the BAP that, under *Siegel*, the bankruptcy court could not exercise its

equitable powers to deny Mr. Grant's § 522(f)(1)(A) avoidance motion because there is no statutory basis to do so. 134 S. Ct. at 1196-97; *see also Ellmann v. Baker (In re Baker)*, 791 F.3d 677, 683 (6th Cir. 2015) ("[U]nder *Siegel*, bankruptcy courts do not have authority to use their equitable powers to disallow exemptions or amendments to exemptions due to bad faith or misconduct.").

Finally, Ms. Clabaugh's remaining arguments assert Mr. Grant should be denied a discharge under § 523(a)(6). The bankruptcy court already ruled in Ms. Clabaugh's favor that Mr. Grant's debt is nondischargable under § 523(a)(6), so these arguments are moot.

## III. **CONCLUSION**

For the foregoing reasons and for substantially the same reasons stated by the BAP in its order dated February 4, 2016, we affirm.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge