# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3045

_____

In re: Johnny M. Belew, also known as John Belew, formerly doing business as
Belew and Bell, Attorneys at Law

*Debtor*

------------------------------

Bianca Rucker

*Appellant*

v.

Johnny M. Belew

*Appellee*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: September 24, 2019
Filed: November 26, 2019

_____

Before KELLY, MELLOY, and STRAS, Circuit Judges.

_____

MELLOY, Circuit Judge.

Chapter 7 debtor Johnny Belew ("Debtor") initially failed to disclose an account in his wife's name that previously had received direct deposits of his social security checks. When this account came to light, Debtor amended his schedules to list the account and claim its contents, $2.30, as exempt. The Trustee did not object.

After learning of the account, however, the Trustee conducted further investigation and discovered Debtor had withdrawn over $30,000 from a different account more than one year prior to entering bankruptcy and had placed that cash in a home safe. When this additional information came to light, Debtor again amended his schedules, identifying several assets. He included a possible interest in the $30,000 cash and claimed that interest as exempt. The Trustee objected to this amendment, alleging Debtor had acted in bad faith by initially failing to disclose the cash in the home safe. The bankruptcy court[1] overruled the objection, holding that the Bankruptcy Code did not grant the court authority to bar an amendment to claimed exemptions based on bad faith. The BAP affirmed, and the Trustee appeals.

In Kaelin v. Bassett, our court stated: "The bankruptcy court has the discretion to deny the amendment of exemptions if the amendment is proposed in bad faith or would prejudice creditors." 308 F.3d 885, 888 (8th Cir. 2002). In Law v. Siegel, however, the Supreme Court clarified that bankruptcy courts could use neither statutory nor inherent sources of broad, general authority to "contravene specific statutory provisions." 571 U.S. 415, 421 (2014). We conclude that Law abrogates Kaelin and precludes the denial of an amendment to a schedule of claimed exemptions based on a debtor's bad faith.

In Law, a bankruptcy court assessed a surcharge for an administrative expense

_____

[1]The Honorable Ben T. Barry, Chief Judge, United States Bankruptcy Court for the Western District of Arkansas.

against a debtor's homestead exemption based on that debtor's bad faith. The Supreme Court reversed, citing the express statutory provisions protecting exempt property from administrative expenses, 11 U.S.C. § 522(k), and permitting the debtor to claim exemptions under state law, 11 U.S.C. § 522(b)(3)(A). Law, 571 U.S. at 418. The Court held that neither the bankruptcy court's general statutory authority to issue necessary orders, 11 U.S.C. § 105(a), nor its inherent power to issue sanctions could be used to contravene the express statutory provisions authorizing exemptions, Law, 571 U.S. at 421 (citing Marrama v. Citizens Bank of Mass., 549 U.S. 365, 375–76 (2007) (addressing the "inherent power . . . to sanction 'abusive litigation practices'")). The Court emphasized that debtors, rather than bankruptcy courts, "may exempt," 11 U.S.C. § 522(b)(1), certain property and that the bankruptcy courts "may not refuse to honor the exemption absent a valid statutory basis for doing so," Law, 571 U.S. at 424.

The Court based its conclusion on two general principles: "the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere," id. at 421, and the longstanding requirement that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code," id. (quotation omitted). The Court also emphasized that § 522 "sets forth a number of carefully calibrated exceptions and limitations, some of which relate to the debtor's misconduct." Id. at 424. Because bad faith is not listed among the "carefully calibrated exceptions" in § 522, the Court concluded general powers could not be used to recognize a bad faith exception not listed in the specific, detailed provisions of that section. Id. at 425 ("[F]ederal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code."). The Court also noted that many other tools were available to bankruptcy courts to address bad faith. Id. at 427 ("Our decision today does not denude bankruptcy courts of the essential authority to respond to debtor misconduct with meaningful sanctions." (citation and quotation marks omitted)).

The Trustee argues <u>Law</u> does not control in the present case because <u>Law</u> addressed the application of an equitable surcharge and not the amendment of claimed exemptions. We do not find this distinction meaningful. Importantly, in rejecting an argument from the trustee in <u>Law</u>, the Court equated the act of barring a debtor from amending an exemption schedule to the act of denying an exemption. <u>Id.</u> at 425 ("disallow[ing] an exemption" is "much the same thing" as "bar[ring] a debtor from amending his schedules to claim an exemption"). Whether viewed as a holding or as strong dicta, we conclude this expansive statement by the Court requires us to recognize that <u>Law</u> abrogates <u>Kaelin</u>. <u>See</u> <u>In re Pre-Filled Propane Tank Antitrust Litig.</u>, 860 F.3d 1059, 1064 (8th Cir. 2017) (stating that appellate courts should give "deference and respect" to strong dicta from the Supreme Court); <u>Ellmann v. Baker (In re Baker)</u>, 791 F.3d 677, 682 (6th Cir. 2015) ("[<u>Law</u>] prohibits the bankruptcy court from disallowing the debtors' claimed exemptions because of their alleged bad faith and fraudulent conduct."); <u>see also</u> <u>Clabaugh v. Grant (In re Grant)</u>, 658 F. App'x 411, 414–15 (10th Cir. 2016) (applying <u>Law</u> in the context of a lien avoidance motion and stating, "the bankruptcy court could not exercise its equitable powers to deny [a] § 522(f)(1)(A) avoidance motion because there is no statutory basis to do so").

The bankruptcy court correctly overruled the Trustee's objection. We affirm.

_____