John W. PORTER, Jr., and Jno. W. Porter, also known as John W. Porter, both individually and also as sole partners dba the law firm of Porter & Porter, Plaintiffs in Error,

v.

OKLAHOMA BACONE COLLEGE TRUST, et al., Defendants in Error.

No. 37996.

Supreme Court of Oklahoma.

Sept. 29, 1959.

Rehearing Denied Nov. 3, 1959.

Application for Leave to File Second Petition for Rehearing Denied

Nov. 24, 1959.

Porter & Porter, Muskogee, for plaintiffs in error.

A. Carl Robinson, Julian B. Fite, Muskogee, for defendants in error Oklahoma Ba-

cone College Trust, John Brown University, Texas Wesleyan College, University of Texas, Texas A & M College, Southern Methodist University, Oklahoma A & M College, now Oklahoma State University, University of Oklahoma, Texas Christian University, Baylor University, and First Nat. Bank in Dallas as Independent Executor of the Estate (in Texas) of Murray Case Sells, deceased.

BERRY, Justice.

As indicated in our opinion in No. 38,271, 346 P.2d 328, adopted this date, the facts set forth in that opinion furnish the background for and are applicable to this appeal.

The educational institutions who appear as defendants in error in this case and who were the residuary beneficiaries under the will of Murray Case Sells, deceased, hereafter referred to as "testator", filed a "Petition for Distribution" in the ancillary proceeding filed in the County Court of Muskogee County, Oklahoma to probate the will of testator. In said petition the petitioners asked that the Oklahoma portion of testator's property which had been reduced to cash, be distributed in accordance with the will. The petition stated that the codicil to the will under which a trust was created had failed or become inoperative for reasons set forth in our opinion in No. 38,271; that the plaintiffs in error, hereafter referred to as "the Porters", claimed some interest in testator's Oklahoma estate, but that they in fact had none.

The Porters filed a pleading denominated "Objections" to the above referred to petition. In said pleading the Porters alleged that they appeared specially and for the purpose of objecting to the petition for distribution upon the grounds that notice of hearing said petition had not been given as required by law; that all persons were not before the Court; that they had instituted an action in a Federal District Court in Texas against the defendant in error, the First National Bank in Dallas, Texas, hereafter referred to as "Texas bank" to recover unpaid attorney fees and damages

due in connection with the domiciliary probate of testator's will and codicil thereto in Texas; that the Texas portion of testator's estate had been 80% distributed; that the Porters were entitled to a lien against testator's estate for monies owing them and that the Oklahoma portion of testator's estate should therefore not be distributed; that the Porters had "certain substantial and remunerative duties" to perform at the expense of the trust created under the codicil and would be irreparably damaged if distribution were made as prayed for in the petition.

Following a hearing on the petition for distribution in the county court said court ordered distribution of the estate in accordance with the provisions of testator's will. The Porters appealed to the district court and from an adverse judgment of said court filed a motion for new trial, and from order denying the motion for new trial perfected this appeal.

In view of the fact that for reasons stated in No. 38,271, the judgment of the County Court of Gregg County, Texas, to the effect that testator was without testamentary capacity to make the codicil in controversy, is binding upon the Porters, the Porters' only claim against any portions of testator's estate is their claim for unpaid attorneys' fees allegedly earned as attorneys for the executor (the Texas Bank) appointed in the domiciliary proceeding in Texas to probate testator's will and codicil.

Defendants in error frankly concede that notice of hearing on the petition for distribution was not given as by statute provided. They assert, however, that the Porters are not in position to urge said matter for the reason that the Porters are without right to proceed as they are attempting to proceed; that the Porters in fact entered their appearance and that all other interested parties in fact entered their appearance. The Porters in turn assert that their appearance was special; that persons who might assert an interest in the estate as heirs were not notified and that they are privileged to proceed as they are attempting to proceed herein.

■ The Porters, as pointed out, did not limit their appearance to a special appearance and the pointing out of the jurisdictional defect that they complained of. They went further and asked for affirmative relief consisting of a delay in distributing the Oklahoma portion of testator's estate until such time as their claim against testator's estate had been established. By so proceeding the Porters entered their general appearance. In Eureka Tool Co. v. Collins, 182 Okl. 552, 78 P.2d 1057, 1058, in the second paragraph of the syllabus it was said:

"2. When a party makes an appearance in an action for any purpose other than to challenge the jurisdiction of the court, he thereby enters a general appearance in said cause and waives the right to thereafter challenge such jurisdiction."

■■ The record fails to show that the Porters filed a claim in the County Court of Muskogee County covering alleged unpaid attorneys' fees earned in representing the domiciliary executor in Texas. The decisions of this Court establish that the claim before us is of a class that under the applicable statutes, 58 O.S.1951 § 333 et seq., must be presented to the personal representative of testator's ancillary estate before same can be satisfied out of the assets of the said estate. See Hyden v. Wilkinson, 187 Okl. 348, 102 P.2d 887. And that the matter of presenting such a claim to a personal representative of the estate is a condition precedent to maintaining an action thereon. See Treese v. Horany, 119 Okl. 64, 248 P. 557, and McLeod v. Palmer, 189 Okl. 466, 117 P.2d 770, 771. In the first paragraph of the syllabus to the last-cited case, this was said:

"1. A claim against the estate of a decedent can only be established: (1) By being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge; or (2) by judgment thereon in an action against the personal representative in the proper court."

**338**

The Supreme Court of California pointed out in In re Burdick's Estate, 112 Cal. 387, 44 P. 734, 736, that an "order refusing to postpone the decree of final distribution was not appealable" and that trustees who had not presented a claim against the estate would not be permitted to appeal from a decree of the probate court ordering distribution.

Under the cited authorities, the Porters are without right to proceed as they are attempting to proceed herein and for said reason will not be permitted to herein attack the order of distribution that they attempted to appeal from. This does not mean that they are foreclosed from establishing their claim for unpaid attorneys' fees in any proper way now open to them, or of their right to have their claim, when properly established, satisfied out of the assets of the Oklahoma portion of testator's estate.

Affirmed.