Henry H. HAIR, Plaintiff in Error,

v.

Robert Morgan WILSON, Defendant
in Error.

No. 40417.

Supreme Court of Oklahoma.

April 21, 1964.

Alan B. McPheron, Durant, Welch &
Dudley, Madill, for plaintiff in error.

Paul & Montgomery, Durant, Thomas E.
Shaw, Madill, O. B. Martin, Oklahoma City,
for defendant in error.

PER CURIAM.

The parties occupy the same relative posi-
tions in this court as they did in the lower

court and will be referred to by name or as plaintiff and defendant.

Henry H. Hair instituted this action in the lower court against Robert Morgan Wilson to recover damages for personal injuries suffered in an automobile accident. The jury returned a verdict in favor of Wilson and judgment was rendered on the verdict. Hair has appealed to this court on the original record.

The record consists of the pleadings and instruments filed in the case and the transcribed testimony of one Hobbs, who was a State Trooper with the Oklahoma Highway Patrol.

Hair complains that the trial court erred in giving instructions on contributory negligence and in admitting certain testimony by Hobbs.

It appears from the pleadings and the record that about 6:00 A.M. on August 16, 1961, the plaintiff Hair was riding as a passenger in a car being driven by the defendant Wilson in an easterly direction on a paved highway. The car was approaching a county road that extended south from the highway. At the same time one, Eula Rush, was driving a car in a westerly direction on the same paved highway and approaching the intersection with the county road. The petition alleged, and the evidence showed, that the Rush car crossed the center line and continued toward the intersection preliminary to a left turn, when it was struck in the front by the car driven by Wilson. The collision occurred south of the center line of the highway.

The petition originally named Wilson and Eula Rush as defendants and set forth their alleged negligence. A dismissal without prejudice was later filed as to the defendant Eula Rush. Trial of the action resulted in the verdict and judgment in favor of Wilson.

Plaintiff contends that the trial court erred in giving any instructions on contributory negligence. Plaintiff argues that the defendant's answer does not charge plaintiff with contributory negligence and consequently this was not an issue to be submitted to the jury.

■ We agree with plaintiff that contributory negligence is an affirmative defense which defendant must both plead and prove. City of Hartshorne v. Carlomango, Okl., 287 P.2d 696. The question here involved is whether the answer does plead such defense. The answer consists of a general denial, admits the collision and alleges defendant was operating his car at a proper rate of speed, charges Eula Rush with negligence in operating her car, and alleges plaintiff and defendant were engaged in a joint venture and mission for their mutual benefit. The answer then states that if defendant was negligent then such negligence " * * * contributed thereto without which the accident and resulting injuries * * * " would not have been sustained, and that such negligence was imputable to plaintiff, and further:

" * * * that the negligence and want of care of the said Robert Morgan Wilson, directly and proximately contributing to and causing said accident and injuries, if any, to the plaintiff, which is imputable, as aforesaid, to plaintiff, is as follows:

"A) That plaintiff failed to warn this defendant of impending danger caused by the negligent operation of the vehicle of Eula Florence Rush.

"B) That plaintiff failed to keep a proper lookout for his own safety."

Plaintiff filed a reply consisting of a general denial, specifically denying negligence of defendant was imputable to him, and denying any joint venture.

■ Defendant admits in his brief that the answer, in respect to contributory negligence, "may not be perfect," but contends it is sufficient, in the absence of a motion to make more definite and certain. Admittedly the plea is indefinite and uncertain, but after the other pleas in the answer, including proper operation of the car by defendant, we believe the plea is sufficient to raise the issue of contributory

negligence. Our conclusion is strengthened by the belief that the court and the plaintiff regarded the plea as sufficient, since the court gave the instructions and plaintiff did not file a motion to make definite and certain and did not question the instructions by having his objections endorsed thereon as required by 12 O.S.1961 § 578. It is evident that defendant was asserting the defense of contributory negligence.

■ This court has held that where the answer charges contributory negligence in general terms and a reply has been filed to such answer, and sufficiency of the answer has not been assailed by a motion to make more definite and certain, the answer is sufficient to raise the issue of contributory negligence. See Blossom Heath Operating Co. v. Pipkin, 178 Okl. 617, 63 P.2d 982, and Bowring v. Denco Bus Lines, 196 Okl. 1, 162 P.2d 525.

It is our conclusion that in the present situation where the answer pleads contributory negligence in terms that render it subject to a motion to make more definite and certain and no such motion is filed, and plaintiff files a reply thereto, the answer is sufficient to raise the defense of contributory negligence. The trial court did not err in instructing the jury on contributory negligence.

Plaintiff also contends that the trial court erred in admitting certain testimony of Hobbs, who, as above stated, was a State Trooper with the Highway Patrol. This witness arrived at the scene a short time after the accident.

Hobbs was first used as a witness by plaintiff. The testimony that plaintiff complains of was elicited on defendant's cross examination of the witness. After testifying the car driven by Eula Rush traveled 60 feet on defendant's side of the road before impact, the record reflects the following:

"Q. And how do you arrive at that figure?

"A. Well, I arrive at it this way, when you—when the Wilson vehicle, the driver of the Wilson vehicle first knew that he was in trouble and figuring his speed and her speed I figured that she was —I believe it was about sixty (60) some feet East of where the impact was when she crossed the center line, and he knew then that he was in trouble and he'd have to do something; and figuring his speed and how far he traveled after he got in trouble * * *

"MR. DUDLEY: Now, Your Honor— * * * before the impact.

"MR. DUDLEY: We move that that be stricken and the Jury admonished not to consider the statement 'when he was in trouble'. Now that's calling for a conclusion of the witness and it's opinion and it invades the province of the jury. It's for them to decide."

The court made no ruling on the objection and the witness explained the phrase "when he was in trouble" as being "when he first seen the Rush car cross the center line." Plaintiff then renewed his objection and was overruled.

Plaintiff cites Jackson v. Brown, Okl., 361 P.2d 270, and other cases, to support his contention that the testimony was not admissible because it expressed an opinion as to who was at fault in the collision.

■ Conceding that the objection was valid and the conclusion improper, we are of the opinion that plaintiff waived the objection because of other extensive testimony given by the witness without any further objection on the part of plaintiff. This additional testimony reiterated the distance the Rush car traveled in defendant's traffic lane. It elaborates on the distance separating the vehicles (when the Rush car crossed the center line), as calculated from the skid marks of defendant's car and the speed and location of the vehicles, and concluded the distance to the Rush car was 210 feet when defendant "first spotted it across the center line."

**792**

In H. F. Wilcox Oil & Gas Co. v. Jamison, 199 Okl. 691, 190 P.2d 807, 808, it is stated:

"A party may not complain of the admission of evidence over his objection, where other evidence of the same tenor was admitted without objection."

See also First Nat. Bank in Tonkawa v. Beatty, 172 Okl. 47, 45 P.2d 158.

Under the circumstances the plaintiff cannot complain of the admission of the testimony.

Plaintiff further complains that it was error to permit defendant's attorney to elicit from the Highway Patrolman whether he charged defendant with any violation of law.

The question and answer was as follows:

"* * * Now, Mr. Hobbs, did you cite the defendant, Morgan Wilson, for any violation of law concerning this collision?

"No, sir, I did not."

The record reflects that no objection or complaint was made to the question and answer. The matter is not mentioned in the motion for new trial, except as it may be included in the general proposition that the court erred in permitting the Highway Patrolman to give his opinion as to who was at fault in the accident.

Plaintiff cites Nash v. Hiller, Okl., 380 P.2d 77, and Houston v. Pettigrew, Okl., 353 P.2d 489, as sustaining his contention that the question was asked for the purpose ·of planting prejudice against him in the minds of the jury, because upon objecting to the question, he would in effect be admitting the fact; otherwise, no objection would have been made. However, in the cited cases an objection was interposed to the objectionable question and was made the grounds of error that resulted in relief to the complaining party. In both decisions we recognized the necessity of making objection and cited Yoast v. Sims, 122 Okl. 200, 253 P. 504, 505.

In Colorado Interstate Gas Company v. Lorenz, Okl., 330 P.2d 583, we stated:

"This court will not consider alleged errors of the trial court as to admission or rejection of testimony unless such alleged errors appear in the record of the case, and objections were made thereto in the trial court."

The assignment of error will not be considered.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.