Florence E. BOVASSO, Appellant,

v.

George Anna SAMPLE, Appellee.

No. 54389.

Supreme Court of Oklahoma.

July 20, 1982.

As Corrected July 22 and July 29, 1982.

**522**

Richard A. Hoffman, Frank R. Patton, Jr., Morrel, Herrold, West, Hodgson, Shelton & Striplin, P. A., Tulsa, for appellant.

George M. Park, Broken Arrow, for appellee.

LAVENDER, Justice:

Appellee (plaintiff below) brought suit in the district court for money judgment against George J. Bovasso and Florence E. Bovasso (Florence), then husband and wife, for the balance due on a residential construction contract, alleging that upon rendition of judgment plaintiff is entitled to have said judgment determined to be a lien against the real property, and for foreclosure of said lien.

Although duly served with summons, Florence entered no appearance in the cause and the court below entered a judgment by default against her on August 8, 1979, for the balance due as prayed for in the petition, and further determining and adjudging that the judgment rendered against her is a good and valid lien on the real property owned by Florence and George, which lien if not paid forthwith be foreclosed.

Within thirty days from the date of the rendition thereof, Florence filed a motion to vacate the judgment which was overruled. From the ruling of the trial court, Florence appeals.

Florence first alleges error of the trial court in that the mental and emotional strain caused by the break-up in the Bovasso marriage and the pending divorce proceedings between them resulted in Florence's "failure to defend" in this litigation and that such constitutes an "unavoidable casualty" within the meaning of 12 O.S. 1971, § 1031 Seventh.

In the case of *Burroughs v. Bob Martin Corporation,*[1] this Court held that an application to vacate a judgment under 12 O.S.1971, § 1031 is addressed to the sound legal discretion of the trial court, and that a much stronger showing of abuse of discretion must be made where a judgment has

---

1. Okl., 536 P.2d 339 (1975).

been set aside (which will result in the trial of the matter) than where it has been refused. Mere showing of mental or emotional distress on the part of a defendant is not alone sufficient to impel this Court to hold that the trial court abused its discretion in refusing to vacate a judgment by default entered upon failure to file an appearance in the case or a pleading on or before the appearance date.

■ Florence next attacks the validity of the judgment on the ground that it was entered without prior notice to her. However, since she had not entered an appearance in the case and had filed no pleadings therein, no notice to her of the taking of a default judgment was required. Rule 10 of the Rules for District Courts of Oklahoma expressly provides: "Notice of taking default is not required where the defaulting party has not made an appearance." Because no motion for default judgment was required, Rule 2 (which requires copies of motion be mailed to all parties) was, of course, not applicable.

A more telling challenge is directed to the validity of the judgment on the ground that the petition and judgment rendered thereon show on their face that the plaintiff below neither alleged nor proved that the plaintiff perfected a Mechanics or Materialman's lien by compliance with the provisions of 42 O.S.1981, § 142;[2] the time for filing of a lien under § 142 having expired before suit was filed; yet the trial court entered a judgment in favor of the plaintiff judicially determining that the judgment rendered constituted a good and valid lien upon the real property described in the petition and ordered the lien to be foreclosed.

In *Riffe Petroleum Co. v. Great Nat. Corp., Inc.*,[3] this Court said (579):

"Liens can be created either by contract or by law. A Statutory lien . . . stands in derogation of the common law. It must hence be strictly confined to the ambit of the enactment giving it birth. A lien that is not provided for by the clear language of the statute cannot be created by judicial fiat. The terms prescribed by statute cannot be ignored. They are the measure of the right and of the remedy. Neither may a lien be created out of a sense of fairness if the terms of the statutory lien are found too narrow and have not been met. Once it has been determined that a lien did in fact attach to the property because the claimant is within the protected class, enforcement provisions may be liberally applied."

A judgment declaring a lien and ordering foreclosure and sale cannot be rendered unless the account and lien statement have been filed at the time, at the place, and in the manner provided by the statutes pursuant to which it is created.[4]

■ Not having alleged and proved compliance with the conditions imposed by 42 O.S.1981, § 142, plaintiff below was clearly not entitled to a judgment declaring or foreclosing a mechanics or materialman's lien.

■ Neither could the judgment *in personam* rendered against Florence operate as a lien upon the real property of which she was a co-owner. 12 O.S.1981, § 706 provides:

"Judgments of courts of record of this state and of the United States shall be liens on the real estate of the judgment

---

2. 42 O.S.1981, § 142 insofar as pertinent provides:

"Any person claiming a lien as aforesaid shall file in the office of the county clerk of the county in which the land is situated a statement setting forth the amount claimed and the items thereof as nearly as practicable, the names of the owner, the contractor, the claimant, and a legal description of the property subject to the lien, verified by affidavit. Such statement shall be filed within four (4) months after the date upon which material or equip-

ment used on said land was last furnished or labor last performed under contract as aforesaid; . . . . "

3. Okl., 614 P.2d 576 (1980).

4. *Forry v. Brophy*, 116 Okl. 99, 243 P. 506 (1926); *Wass v. Vickery*, 158 Okl. 227, 13 P.2d 142 (1932); *Palmer v. Crouch*, Okl., 298 P.2d 1041 (1956); *Neves v. Mills*, 74 Okl. 7, 176 P. 509 (1919); *Bryan v. Orient Lumber & Coal Co.*, 55 Okl. 370, 156 P. 897 (1916).

debtor within a county from and after the time a certified copy of such judgment has been filed in the office of the county clerk in that county. No judgment whether rendered by a court of the state or of the United States shall be a lien on the real estate of a judgment debtor in any county until it has been filed in this manner. Execution shall be issued only from the court in which the judgment is rendered."

Thus it is apparent that plaintiff's judgment did not become a lien on real estate owned by Florence when rendered, but only upon compliance with § 706.

■■ Following the granting of certiorari by this Court, Appellant for the first time postulates error in the granting of the default judgment *in personam* by alleging that the probate proceedings had in connection with the probate of Jesse Sample's estate, which probate proceedings are not a part of the record in this case, make no mention of the subject claim and that the order determining heirs and ordering distribution of Jesse Sample's estate makes a finding that Appellee, Jesse Edwin Chisum, Sharen Ann Sample, and Karen Sue Sample are the sole and only heirs of the deceased entitled to share in the estate, "and that all of the hereinbefore-described real property and personal property be and the same is hereby ordered transferred ... to George Anna Sample, with Jesse Edwin Chisum, Sharen Ann Sample, and Karen Sue Sample having assigned their interests and shares to George Anna Sample." Thus, this Court is asked to take judicial notice of the Order of Distribution in probate proceedings which are not a part of the record in this case and to interpret the same with reference to whether three of the heirs of Jesse Sample assigned all of their inherited interest in the Jesse Sample estate to the Appellee, or only property specifically listed in the probate decree. In *Austin v. State Board of Education*, Okl., 497 P.2d 218 (1972), it was held that the Supreme Court does not take judicial notice of proceedings

pending in another cause in a different court. Therefore, such matters not being before us in the record, they are not subject to review by this Court on appeal. Since no infirmity to the validity of the judgment *in personam* appears on the face of the record before us, the *in personam* portion of the judgment against Florence was valid.

We further observe that even if the Order Allowing Final Account of Administratrix and Determining Heirs and Final Decree of Distribution and Discharge in the probate proceedings in the estate of Jesse Edwin Sample were before us on review, the court's findings specifically state that George Anna Sample, Jesse Edwin Chisum, Sharen Ann Sample, and Karen Sue Sample are the heirs of Jesse Edwin Sample and: "That, by written assignment, filed herein on the 17th day of June, 1976, Jesse Edwin Chisum, his wife, Trenace Chisum, Sharen Ann Sample, and Karen Sue Sample have assigned their *entire share and interest in and to said estate to George Anna Sample, thereby waiving any interest or share in and to said estate;* ..." (emphasis supplied). Such findings when read in connection with the decree are sufficient to pass title and ownership to Florence under 58 O.S.1981, § 692.1. *Buford v. Stuart*, Okl., 412 P.2d 169 (1966); *Prusa v. Beasley*, Okl., 335 P.2d 346 (1958).

■ It is clear, however, that that portion of the judgment which purports to judicially determine upon its rendition that the judgment was a good and valid lien upon real property owned by Florence was beyond the authority and power of the trial court to render and was contrary to law.

■ Title 12 O.S.1971, § 1038 provides: "A void judgment may be vacated at any time, on motion of a party, or any person affected thereby." Where the record affirmatively reveals that the court had no jurisdiction over the person of the defendant, or the subject matter of the action, a default judgment must be set aside.[5]

---

5. *Farmers' Union Co-Op. Royalty Co. v. Woodward*, Okl., 515 P.2d 1381 (1973); *Burnworth v.* *Burnworth*, Okl.App., 572 P.2d 301 (1977); *Forry v. Brophy*, 116 Okl. 99, 243 P. 506 (1926).

In the case of *In Re Harkness' Estate*,[6] this Court held:

"Jurisdiction means authority over the matter to be determined. It means power to hear, to adjudge, and to enforce judgment. The extent of jurisdiction of state courts is to be determined from two sources, viz., from the power conferred by express or implied provisions of state law and by express or implied limitations of federal law."

Having determined that the portion of the judgment rendered which attempted to establish a lien upon Florence's property is void for want of jurisdiction over the subject matter, it does not follow that the judgment *in personam* is thereby made void. In *La Bellman v. Gleason & Sanders, Inc.*,[7] we said (956):

"The defendant has established on this appeal that the court lacked jurisdiction of portions of the subject matter of this dispute. It does not necessarily follow, however, that where part of a judgment is void the entire judgment is a nullity by reason thereof, unless the valid portion of the judgment is inseparable from the part declared to be void (citations omitted). In *Roth v. Union National Bank*, 58 Okl. 604, 160 P. 505, 508, we adopted the following rule:

'A court must proceed and determine within the limits of the power conferred. If it renders a judgment in an action or proceeding, where jurisdiction had attached, that it was not authorized or empowered to render at all, such judgment or decree is in excess of its jurisdiction, and for that reason a nullity. So, if it rendered a judgment or decree which is within its authority as to part only, but includes also that which is not within its power, the excess will be a nullity, and if the valid and invalid parts are independent of each other, the whole will not be void, but only such part as is in excess of the powers of the court.'"

 We therefore hold that that portion of the judgment which purports to establish a lien upon the real property owned by Florence and directs the foreclosure of the same is void and must be set aside. The judgment *in personam* against her is a good and valid judgment.

BARNES, V. C. J., and SIMMS, DOOLIN, HARGRAVE, OPALA, and WILSON, JJ., concur.

IRWIN, C. J., and HODGES, J., dissent.

---

6. 83 Okl. 107, 204 P. 911 (1922). In accord, see *Hayhurst v. Hayhurst*, Okl., 421 P.2d 257 (262) (1966).

7. Okl., 418 P.2d 949 (1966).