OSCN Found Document:SCHWEIGERT v. SCHWEIGERT

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SCHWEIGERT v. SCHWEIGERT
2015 OK 20
Case Number: 112483
Decided: 04/14/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 20, __ P.3d __

 

IN RE THE MARRIAGE OF:

DENISE M. SCHWEIGERT, Petitioner/Appellee,
v.
TONY W. SCHWEIGERT, Respondent/Appellant.

ON WRIT OF CERTIORARI TO THE COURT OF CIVIL APPEALS, DIV. I

¶0 Mother petitioned for dissolution of marriage, seeking temporary and permanent custody of the two minor children with supervised visitation with father. Father was personally served and did not file an answer or entry of appearance, but appeared at hearing on the application for temporary order. The default hearing on final order was set on the court docket without mother filing a motion or giving notice of the default hearing to father. The district court held a hearing on the divorce decree by default without father's attendance. On the same day, the trial court granted the divorce, awarded custody of children to mother with supervised visitation with father, and awarded $283.01 per month to mother for child support. Two years later, father filed a motion to vacate the divorce decree. The district court denied father's motion to vacate, finding father had not filed an entry of appearance pursuant to 12 O.S.2011, § 2005.2, and exempted mother from giving father notice of the hearing for default judgment. Father appealed, and the Court of Civil Appeals affirmed. This Court granted the petition for writ of certiorari.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S ORDER DENYING MOTION TO VACATE REVERSED
AND REMANDED WITH INSTRUCTIONS.

Gary L. Cantrell, Oklahoma City, Oklahoma, for the Appellant.
Marianne Miller and Amanda C. Dockrey, The Parsons Law Firm, P.L.L.C., Shawnee, Oklahoma, for the Appellee.

TAYLOR, J.

¶1 The dispositive question raised for our review is whether a party must file a motion for default and give the adverse party notice under Rule 10 of the Rules for District Courts, 12 O.S.2011, ch. 2, app. (Rule 10), when the adverse party fails to file an answer or an entry of appearance but physically appears at a hearing. We answer in the affirmative.

I. FACTS AND ALLEGATIONS

¶2 On June 4, 2010, Denise M. Schweigert (Mother) filed a petition for dissolution of her marriage to Tony W. Schweigert (Father) and an application for a temporary order. Mother sought both temporary and permanent custody of the couple's two children with supervised visitation with Father. On June 15, 2010, Father was personally served at CeeDee's Country Store in Dustin, Oklahoma, with the summons, the petition for dissolution of marriage, the application for a temporary order, and the order for hearing. Father appeared at the hearing on August 9, 2010. However, he did not file an answer or entry of appearance.

¶3 On August 8, 2011, one year after the temporary custody hearing, the August 9, 2010 order was filed, giving Mother temporary custody of the children, allowing Father supervised visitation as agreed by the parties, and setting the temporary child support of $283.01 per month. The temporary order acknowledged that the "Respondent, TONY W. SCHWEIGERT, appear[ed] in person and Pro se" at the hearing. The record fails to show that Father saw the temporary order or had a chance to contest its contents before it was filed. The record also fails to show that a copy of the temporary order was ever sent to Father.

¶4 In the meantime on August 2, 2011, Mother's attorney tendered a "minute order" setting the matter "for default on" August 24, 2011. Mother admits that she did not give Father notice of the hearing on taking default judgment. The divorce decree was filed on the same day as the hearing. It stated that "Respondent, TONY W. SCHWEIGERT, appears not and is in default after having been properly served on June 15, 2010." Mother did not file a motion for default, and neither the decree nor any other document in the record says anything about any attempt to serve Father with notice of the hearing on the default judgment or whether his address was unknown. Nonetheless, Mother was granted a divorce, custody of the minor children with supervised visitation with Father, and child support of $283.01. Further, neither the transcript of the hearing for a temporary order nor the transcript of the August 24, 2011 hearing was designated for inclusion in the record, and the Court cannot ascertain what occurred during either hearing.

¶5 On July 1, 2013, Father filed a motion to vacate the divorce decree based on fraud; and, on August 5, 2013, he filed an amended motion to vacate based on fraud and lack of due process. He contended that Mother defrauded him into not filing an answer and that he did not receive notice of the default hearing as required by Rule 10. Mother's response to the amended motion to vacate, like her response to the original motion to vacate, was in the form of an answer to a petition merely admitting or denying the allegations in the amended motion to vacate and was void of legal argument. At the hearing on the motion to vacate the default judgment, the district court stated: "I don't think that just appearing in court triggers making an appearance." On December 17, 2013, a district court order was filed stating the matter came before the judge on October 22, 2013, denying the motion to vacate and finding "Respondent failed to meet Rule 10 requirement of entry pursuant to 12 O.S. § 2005.2, and therefore Petitioner was not required to provide notice of default hearing to Respondent." Respondent appealed the denial of the motion to vacate, and the Court of Civil Appeals affirmed the judgment. This Court granted the petition for writ of certiorari.

II. STANDARD OF REVIEW

¶6 This Court reviews a district court's order vacating or refusing to vacate a judgment for abuse of discretion. Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 78, ¶ 5, 13 P.3d 480, 482. Considerations in our review of an order vacating or refusing to vacate a default are: (1) the rule that default judgments are disfavored, (2) the decision to vacate a default judgment should be exercised so as to promote justice, and (3) refusal to vacate a default judgment requires a stronger showing of abuse of discretion than an order vacating a default judgment. Id. We are also mindful here that the default judgment impacted a fundamental right - a parent's right to the companionship, care, custody, and management of his child. Barber v. Barber, 2003 OK 52, ¶ 9, 77 P.3d 576, 580.

¶7 Although this Court reviews a district court's denial of a motion to vacate for abuse of discretion, the order denying a motion to vacate, like a motion for a new trial, will be reversed if the district court erred with respect to an unmixed question of law. Jones, Givens, Gotcher & Bogan, P.C., v. Berger, 2002 OK 31, ¶ 5, 46 P.3d 698, 701. The district court's construction and application of Rule 10 to the undisputed facts before it presents a pure question of law subject to de novo review. Id.

III. ANALYSIS

¶8 A district court's judgment shall be vacated and a new trial granted upon an aggrieved party's application for, among other things, an irregularity in the proceedings or court's order affecting the party's substantial rights. 12 O.S.2011, §§ 651(1), 1031(3). When Father asserts that Mother failed to file a motion for default judgment and give him notice as required by Rule 10, he is asserting an irregularity in the proceedings. See Knell v. Burnes, 1982 OK 35, ¶ 5, 645 P.2d 471, 473 ("The rendition of a premature judgment is an irregularity which may be vacated under § 1031(3) if the rights of the party have been prejudiced because of a failure to adhere to the established rules or mode of procedure in the orderly administration of justice.").[1]

¶9 Mother argues she was excused from giving Father notice of the default hearing because his address was unknown and he had not filed an entry of appearance. Relying on Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc., 2000 OK 78, ¶ 5, 13 P.3d 480, 482, Mother asserts that hardships, specifically the parties' subsequent remarriages, warrant the denial of the motion to vacate. The record on appeal does not show that Mother asserted hardship as a reason for denying the motion to vacate in the trial court. With few exceptions, jurisdiction being one, a party who fails to assert a defense in the trial court is foreclosed from asserting it for the first time on appeal. Okla. Dep't of Sec. v. Wilcox, 2011 OK 82, ¶ 17, 267 P.3d 106, 110. Further, Mother relies on a transcript which was not designated for inclusion in the record on appeal for the proposition that Father's address was unknown.[2] It was Mother's burden to produce a record supporting this allegation and the allegation that the parties have both remarried. Rule 1.28, Rules of the Supreme Court, 12 O.S.2011, ch. 15, app. 1; Phillips v. Hedges, 2005 OK 77, ¶ 15, 124 P.3d 227, 232. Because Mother failed in this regard, this Court will not consider Mother's argument as to these two assertions.

¶10 Turning now to Father's argument, we consider the meaning of the phrase "made an appearance" in Rule 10 which provides, in pertinent part:[3]

In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown. If the addresses of both the party and his attorney are unknown, the motion for default judgment may be heard and a default judgment rendered after the motion has been regularly set on the motion and demurrer docket. It shall be noted on the motion whether notice was given to the attorney of the party in default, to the party in default, or because their addresses are unknown, to neither.

Notice of taking default is not required where the defaulting party has not made an appearance. . . .

Notice of taking default is not required under several other scenarios, and Mother does not assert that any of these are applicable here. Rather, Mother contends that the phrase "made an appearance" is the equivalent of filing an entry of appearance pursuant to Title 12, Section 2005.2.

¶11 When construing rules, as with statutes, we first look to the plain meaning of the provision. See W.R. Allison Enters., Inc. v. CompSource Okla., 2013 OK 24, ¶ 15, 301 P.3d 407, 412 ("The primary goal in reviewing a statute is to ascertain legislative intent, if possible, from a reading of the statutory language in its plain and ordinary meaning."); McClure v. ConocoPhillips Co., 2006 OK 42, ¶ 17, 142 P.3d 390, 396 ("Administrative rules, like statues, are given a sensible construction bearing in mind the evils intended to be avoided."). If a provision's wording is unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretative devices to fabricate a different meaning. Hines v. Winters, 1957 OK 334, ¶ 0, 320 P.2d 1114, 1115 (Syllabus by the Court).

¶12 Appearance is defined as "coming into court as party to a suit." Black's Law Dictionary 89 (5th ed. 1979). When one makes a general appearance, the person is submitting to the jurisdiction of the court as if the person had been served with the petition and summons and cannot then contest the sufficiency of the proceeding's notice. 12 O.S.2011, § 2004(C)(5) ("An acknowledgment on the back of the summons or the voluntary appearance of a defendant is equivalent to service."); Porter v. Okla. Bacone Coll. Trust, 1959 OK 174, ¶ 7, 346 P.2d 335, 337 (Stating that when a party appears for any purpose, other than to contest jurisdiction, he enters a general appearance and waives the right to challenge jurisdiction). An appearance is any act, including participation in a hearing for a temporary order, which brings the person under the court's jurisdiction.[4]

¶13 "To make" has a different meaning than "to file." "To file" something means to "deposit in the custody or among the records of a court," Black's at 566, in this case "filing an entry of appearance." "To make" or "made" does not require the formality of filing a document. The difference is seen in objections to evidence at trial. A party may make an objection by filing a motion in limine. Bierman v. Aramark Refreshment Servs., Inc., 2008 OK 29, ¶ 8, 198 P.3d 877, 880. A party also may make an objection to evidence or testimony at trial by orally interjecting the objection without the formality of filing a motion. Hair v. Wilson, 1964 OK 92, ¶¶ 13-15, 391 P.2d 789, 791-92. As illustrated, filing a motion in limine is one method of making an objection, it is not the only method. So filing a pleading or an entry of appearance are two methods of "making an appearance"; they are not the only methods. In contrast to Title 12, Section 2005.2's use of the phrase "shall file an entry of appearance," (emphasis added), Rule 10's explicit requirement of filing a motion and giving notice of default is restricted to the defendant's filing of an entry of appearance or pleading.

¶14 The differentiation of the two phrases, "made an appearance" and "file an entry of appearance" is supported by the history of Title 12, Section 2005.2 and Rule 10. Rule 10's requirement of filing a motion for default and notice of the hearing after the opposing party's appearance was adopted as part of the Rules for the District, Superior, and Common Pleas Courts of Oklahoma as early as 1961. 12 O.S.1961, ch. 2, app., r. 10.[5] Although the statute was amended and changed to a rule, the motion and notice requirements after a party's appearance have continued through to the present.[6] Title 12, Section 2005.2's requirement for filing an entry of appearance was not adopted until 2002. 2002 Sess. Laws 2278-2279 (ch. 468, § 22). Because Section 2005.2 was not adopted, and therefore did not exist, until after Rule 10, Rule 10's language of making an appearance cannot be limited to filing an entry of appearance pursuant to Section 2005.2.

¶15 Rule 10's requirement for filing a motion and giving notice is applicable any time a party appears before a court, whether by filing a document or physically participating in a hearing. Rule 10 provides not only that a motion must be filed and notice given to a party who has appeared, but that the motion must be filed even if no notice was required. Rule 10 expressly provides:

If the addresses of both the party and his attorney are unknown, the motion for default judgment may be heard and a default judgment rendered after the motion has been regularly set on the motion and demurrer docket. It shall be noted on the motion whether notice was given to the attorney of the party in default, to the party in default or because their addresses are unknown to neither.

(Emphasis added.) This language mandates that a motion must be filed in all instances, even when a party fails to make an appearance, and the motion must recite what notice was given, and, if none were given, the reason therefore. Mother's failure was an irregularity in the proceedings that left the district court without means of determining whether she was required to give notice, and, if so, whether the notice conformed to due process prerequisites of entering judgment.

IV. CONCLUSION

¶16 Mother's failure to file a motion for default and give notice to Father pursuant to Rule 10 after Father had appeared at the hearing for a temporary order was an irregularity in the proceeding. The district court erred in denying Father's motion to vacate the divorce decree. The district court's order denying the motion to vacate is reversed and the cause is remanded to the district court. On remand, the district court is directed to revisit the motion to vacate in light of this opinion. The Court of Civil Appeals' opinion is vacated.

COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT COURT'S ORDER
DENYING MOTION TO VACATE REVERSED AND REMANDED WITH 
INSTRUCTIONS. 

Concur: Reif, C.J.; Combs, V.C.J.; and Kauger, Watt, Winchester, Taylor, Colbert, and Gurich, JJ.

Concurs Specially: Edmondson, J.

FOOTNOTES

[1] An aggrieved party seeking a judgment's vacation and new trial for an irregularity in the proceedings or order generally must commence the proceedings within three years. 12 O.S.2011, § 1038. A court has authority to vacate a judgment after the three years if (1) Title 12, Section 696.2 requires a copy of the judgment be mailed to the moving party, (2) the moving party did not prepare the judgment, and (3) the court record fails to show that a copy of the judgment was mailed to the moving party within three days, exclusive of weekends and holidays after it was filed. Id. § 1031.1(B). Under these factors, the district court may vacate the judgment if the motion to vacate is filed no later than thirty days after the record shows that a copy of the judgment was mailed to the moving party. Id. Here the record fails to show that a copy of the judgment was ever mailed to Father or how he learned of the final divorce decree's entry.

Because Father was within the time limitations of Title 12, Section 1038 for filing the motion to vacate and the district court was within the time limits of Title 12, Section 1031.1, we need not address whether the divorce decree was void and subject to being vacated at any time.

[2] Even if Father's address were unknown, Mother failed to utilize alternative methods of serving Father with notice of the default-judgment hearing. Title 12, Section 2005(A) provides that "every written notice" shall be served upon each of the parties. Subsection B provides that service is made "by delivering a copy to the attorney or party at the last known address of the attorney or the party" or by electronic means if the attorney or party has consented to electronic service. Subsection B continues: "If no mailing address, physical address, or electronic address" for the attorney or party is known, service is effected by leaving it with the clerk of the court. Because the parties were married at one time, Mother should have had a last-known address for Father.

In like manner, Title 12, Section 696.2(B) requires, unless otherwise directed by the court, the attorney or party preparing a judgment to serve all parties, including those in default, with a file-stamped copy of the judgment within three days after the judgment is filed. If a party failed to appear, it is "sufficient to mail a file-stamped copy of the judgment, decree or appealable order by first-class mail to the party's last-known address." Id. Only if a person in default was served initially by publication is the mailing requirement excused. Id.

[3] In 2013, the following language was added to Rule 10.

Once a party or an attorney provides an email address for service in a specific case in accordance with the Rules for Electronic Filing in the Oklahoma Courts, the provided email address shall serve as the appropriate address for purposes of notice as required by this rule, unless the filer is informed that the electronic transmission failed. See Rules for Electronic Filing in Oklahoma Courts. 2012 OK 61.

[4] In Bovasso v. Sample, 1982 OK 84, ¶ 6, 649 P.2d 521, 523, the Court recognized that notice of taking default was not required where the defendant had "not entered an appearance in the case and had filed no pleadings therein." This is consistent with our construction of Rule 10. This Court did not use the phrase "filed an appearance," choosing instead the phrase "entered an appearance," and there was no intimation that the defendant had appeared in open court.

[5] Rules for the District, Superior and Common Pleas Courts of Oklahoma, Rule 10 provided:

In all matters in default in which an appearance has been made by the defaulting party or by an attorney, or a pleading filed, default judgment shall not be taken until a motion therefor has been filed in the case and five (5) day's notice thereof given to the party in default or his attorney, which fact shall be noted on the motion. If the address of the party or attorney is unknown, then the motion may be heard and default judgment rendered after the same has been regularly set on the motion and demurrer docket. When a case has been regularly set for hearing on a pre-trial conference or trial docket, default judgment may be rendered for any party on the hearing date without further service of notice.

[6] Likewise, the provision making acknowledgment on the back of the summons or the voluntary appearance of a defendant equivalent to service was in effect long before Title 12, Section 2005.2. See Okla. Stat. ch. 2, art. VII, § 175 (1931).

 

 

EDMONDSON, J., Concurring Specially, joined by COMBS, V.C.J., WATT, J.

¶1 I write separately to explain that 1) the husband's physical presence at a hearing constituted a pro se general appearance in the District Court and he was entitled to a Rule 10 notice of the opposing party's motion seeking a default judgment, and 2) on remand the District Court should consider the wife's claim that the divorced status of the parties should not be vacated.

¶2 A general appearance is made when a named party participates in a legal proceeding by his or her physical presence at that proceeding without preserving an objection to personal jurisdiction.[1] Justice Opala's published separate writing thirty-five years ago explained that the common-law requirement of physical presence combined with a formal entry, or plea, or motion of record as necessary for a legal appearance was an "early view" that is now firmly superseded by modern views of procedure.[2] He observed that "a writing 'spread upon the record' is no longer the required abracadabra of appearance" because modern views regard voluntary appearance as no more than knowledge of the pending proceedings coupled with acts from which intention to submit to the jurisdiction may be inferred.[3] Husband's physical presence at the trial court hearing where he appeared pro se without preserving any objection to personal jurisdiction showed his knowledge of the pending proceedings coupled with acts from which his intention to submit to the jurisdiction of the District Court may be inferred. I agree with the Court's opinion that husband's physical appearance at the trial court hearing was a pro se general appearance and he was entitled to a Rule 10 notice of the wife's subsequent motion for a default decree.[4]

¶3 The Court's opinion requires the District Court to revisit the husband's motion to vacate. The opinion declines to adjudicate on appeal the merits of the wife's claim that due to her remarriage and additional children and the alleged remarriage of the husband[5] a hardship would be created if the divorce decree is vacated. I view her claim as remaining for the District Court to examine when it revisits the husband's motion to vacate.

¶4 Wife alleges that 1) husband was at a court hearing in June 2010, 2) he did not provide a formal appearance with an address as required by 12 O. S. 2011 § 2005.2,[6] 3) he waited until more than three years later, in July 2013 to file a motion to vacate, and 4) she was unaware of husband's residence at the time of her motion to vacate.

¶5 This Court has recognized a public policy that a party's marital status should not be held hostage by an unreasonably delayed appellate correction of matrimonial property and custody rights. For example, in 2001, we explained that the Court had "treated marital status different from other claims in matrimonial litigation."[7] Where both parties sought a divorce the Court reversed the judgment of the trial court except as to the parties' status as being divorced.[8] Similar public policies are expressed via no-fault divorce statutes which show that an individual's litigation to change his or her marital status is not something that may be prevented by his or her spouse[9] and an individual's litigation to change marital status involves a bundle of personal constitutional rights that receive constitutional protection.[10] Further, these policies appear to be consistent with those opinions recognizing that one spouse may obtain a judicially-approved change of his of her marital status even in the absence of a court's in personam jurisdiction over the non-appearing spouse.[11]

¶6 Wife's claim is not clearly presented on appeal with a supporting appellate record, but her appellate argument appears to focus on marital status. We need not analyze whether wife's claim is pressed as an equitable defense to a mandatory procedural requirement,[12] or if her claim is that notice is not required to adjudicate solely her marital status, or if her claim is a third alternative. Her claim should be addressed by the District Court in the context of addressing the husband's motion to vacate, and not here for the first time on appeal.[13]

FOOTNOTES

[1] State ex rel. Oklahoma Bar Association v. Mothershed, 2011 OK 84, ¶ 43, 264 P.3d 1197, 1214.

[2] ABC Drilling Co., Inc. v. Hughes Group, 1980 OK 39, 609 P.2d 763, 770 (Opala, J., concurring in part and dissenting in part). The separate opinion relies, in part, on Rand v. Nash, 1935 OK 1086, 51 P.2d 296. Therein, Rand, appeared at a hearing and followed his appearance with a filed objection two months later; and on appeal the Court noted that Rand had "appeared generally at the hearing." Id. 51 P.2d at 297.

[3] ABC Drilling Co., Inc. v. Hughes Group, 1980 OK 39, 609 P.2d at 770 (Opala, J., concurring in part and dissenting in part).

[4] At the time of wife's motion for default, August 2011, the version of Rule 10 in effect was found at 12 O.S. 2011, Ch. 2, App. Rules for the District Courts of Oklahoma, (eff. Jan. 1, 1982) Rule 10, Notice of Taking Default Judgment, which states that "In matters in default in which an appearance, general or special has been made or a motion or pleading has been filed, default shall not be taken until ... five (5) days notice of the date of the hearing is mailed or delivered to th attorney of record . . . or to the party in default if he is unrepresented ...." Similar language is found in the current version of Rule 10 fund at 12 O.S.Supp. 2014 (Rule 10, amended by order of the Supreme Court, 2013 OK 68, eff. Aug. 1, 2013).

[5] Husband's appellate reply brief contains a statement by counsel that husband has not remarried, and an assertion that common-law marriage is not recognized in the state where husband resides. The brief does not cite the trial court record in support of the statement.

[6] 12 O.S.2011 § 2005.2, states in part: "Every party to any civil proceeding in the district courts shall file an entry of appearance by counsel or personally as an unrepresented party...." Further, this appearance requires an "address of record" be provided for service of notice. Id. § 2005.2(D).

[7] Pierce v. Pierce, 2001 OK 97, ¶ 23, 39 P.3d 791, 800, citing Harmon v. Harmon, 1997 OK 91, 943 P.2d 599.

[8] Pierce v. Pierce, 2001 OK 97, ¶ 23, 39 P.3d at 800.

[9] See, e.g., Brian Bix, Bargaining in the Shadow of Love: The Enforcement of Premarital Agreements and How We Think about Marriage, 40 Wm. & Mary L.Rev. 145, 164-165 (1998) (" . . . no-fault divorce has given the parties to a marriage substantial power to end the legal relationship if they so choose, to the point that in many states the current rules, as applied, give each spouse more or less a right to divorce upon demand.").

[10] Divorce is a statutory proceeding. McDonald v. Wrigley, 1994 OK 25, 870 P.2d 777, 779. One modern view of marital status is that it is a fundamental and personal associational activity that receives constitutional protection for the individual's efforts when utilizing a governmental entity for either establishing or dissolving the status-based relationship. See, e.g., U. S. v. Kras, 409 U.S. 434, 444-445, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) ("The denial of access to the judicial forum in Boddie [Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)] touched directly, as has been noted, on the marital relationship and on the associational interests that surround the establishment and dissolution of that relationship. On many occasions we have recognized the fundamental importance of these interests under our Constitution. . . The Boddie appellants' inability to dissolve their marriages seriously impaired their freedom to pursue other protected associational activities."); Bishop v. Smith, 760 F.3d 1070, 1080 (10th Cir. 2014) (recognizing a "fundamental right to marry"). Of course, a state may possess interests that may constitutionally place a burden on an individual's exercise of a right to marry or divorce. See, e.g., Sosna v. Iowa, 419 U.S. 393, 406-409, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (Iowa's statutory residency requirement for seeking a divorce did not violate the Due process Clause of the Fourteenth Amendment).

[11] Powers v. District Court of Tulsa County, 2009 OK 91, n. 46, 227 P.3d 1060, 1075 ("In the absence of in personam jurisdiction over one spouse an ex parte divisible divorce decree may change the marital status of appearing and non-appearing spouses, but a divisible divorce is ineffectual to alter economic interests and certain other legal interests of the spouses.").

[12] Of course, equitable defenses are recognized in matrimonial litigation. Merritt v. Merritt, 2003 OK 68, ¶ 13, 73 P.3d 878, 883. However, equity must follow the law and a legal requirement may not be abridged "unless there are equitable considerations of a compelling nature." Id. Merritt, at ¶ 13, citing Hedges v. Hedges, 2002 OK 92, ¶ 8, 66 P.3d 364, 370.

[13] This Court, as an appellate tribunal, does not make first-instance rulings. Tucker v. Cochran Firm-Criminal Defense Birmingham, L.L.C., 2014 OK 112, n. 52, 341 P.3d 673, 686.

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 78, 13 P.3d 480, 71 OBJ 2590, FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed at Length
 1994 OK 25, 870 P.2d 777, 65 OBJ 800, McDonald v. Wrigley
Discussed
 2001 OK 97, 39 P.3d 791, 72 OBJ 3408, PIERCE v. PIERCE
Discussed at Length
 1935 OK 1086, 51 P.2d 296, 174 Okla. 525, RAND v. NASH
Discussed
 1957 OK 334, 320 P.2d 1114, HINES v. WINTERS
Discussed
 1959 OK 174, 346 P.2d 335, PORTER v. OKLAHOMA BACONE COLLEGE TRUST
Discussed
 1964 OK 92, 391 P.2d 789, HAIR v. WILSON
Discussed
 2002 OK 31, 46 P.3d 698, JONES, GIVENS, GOTCHER & BOGAN, P.C. v. BERGER
Discussed
 2002 OK 92, 66 P.3d 364, HEDGES v. HEDGES
Discussed
 2003 OK 52, 77 P.3d 576, BARBER v. BARBER
Discussed
 2003 OK 68, 73 P.3d 878, MERRITT v. MERRITT
Discussed
 2005 OK 77, 124 P.3d 227, PHILLIPS v. HEDGES
Discussed
 2006 OK 42, 142 P.3d 390, MCCLURE v. CONOCOPHILLIPS COMPANY
Discussed
 2008 OK 29, 198 P.3d 877, BIERMAN v. ARAMARK REFRESHMENT SERVICES, INC.
Discussed
 2009 OK 91, 227 P.3d 1060, POWERS v. DISTRICT COURT OF TULSA COUNTY
Discussed
 2011 OK 82, 267 P.3d 106, DEPT. OF SECURITIES ex rel. FAUGHT v. WILCOX
Discussed
 2011 OK 84, 264 P.3d 1197, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MOTHERSHED
Discussed
 2012 OK 61, OKLAHOMA RULES FOR E-FILING IN SELECTED PILOT COURTS
Cited
 2013 OK 24, 301 P.3d 407, W.R. ALLISON ENTERPRISES, INC. v. COMPSOURCE OKLAHOMA
Discussed
 2013 OK 68, IN RE AMENDMENTS TO OKLAHOMA SUPREME COURT RULES
Cited
 1980 OK 39, 609 P.2d 763, ABC Drilling Co., Inc. v. Hughes Group
Discussed at Length
 2014 OK 112, TUCKER v. THE COCHRAN FIRM-CRIMINAL DEFENSE BIRMINGHAM L.L.C.
Cited
 1997 OK 91, 943 P.2d 599, 68 OBJ 2458, HARMON v. HARMON
Discussed
 1982 OK 35, 645 P.2d 471, Knell v. Burnes
Discussed
 1982 OK 84, 649 P.2d 521, Bovasso v. Sample
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2005.2, Entry of Appearance, Out-of-State Counsel, Address of Record and Withdrawal
Discussed
 12 O.S. 651, New Trial - Definition - Causes for
Cited
 12 O.S. 1038, Proceedings to Vacate or Modify a Judgment, Decree or Order
Cited
 12 O.S. 2004, 12 O.S. 2004, Process
Cited