SOUTHWEST CASING v. FOSTER



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SOUTHWEST CASING v. FOSTER

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SOUTHWEST CASING v. FOSTER
2020 OK CIV APP 37
Case Number: 117512
Decided: 05/22/2020
Mandate Issued: 06/24/2020
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2020 OK CIV APP 37, __ P.3d __

 

SOUTHWEST CASING, LLC, Plaintiff/Appellee,
v.
DANNY FOSTER, SARAH FOSTER, and LOREN FOSTER, Defendants/Appellants.

APPEAL FROM THE DISTRICT COURT OF
GARFIELD COUNTY, OKLAHOMA

HONORABLE DENNIS HLADIK, JUDGE

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS

Michael D. Roberts, ROBERTS LAW OFFICE, Enid, Oklahoma, for Plaintiff/Appellee,

Jonathan F. Benham, RIFFEL LAW FIRM, PLLC, Enid, Oklahoma, for Defendants/Appellants.

Bay Mitchell, Presiding Judge:

¶1 Defendants/Appellants Danny Foster, Sarah Foster, and Loren Foster (the Fosters) appeal from the trial court's order denying their motion to vacate default judgment. The trial court entered default judgment in favor of Plaintiff/Appellee Southwest Casing, LLC (SW Casing) without SW Casing having filed a motion. Rule 10 of the Rules for District Courts, 12 O.S. 2011, ch. 2, app. (Rule 10) "mandates that a motion must be filed in all instances, even when a party fails to make an appearance[,]" and the failure to do so constitutes "an irregularity in the proceedings" pursuant to 12 O.S. 2011 §1031(3). Schweigert v. Schweigert, 2015 OK 20, ¶15, 348 P.3d 696. The trial court abused its discretion by failing to vacate the default judgment. We reverse and remand for further proceedings.

¶2 SW Casing initiated this lawsuit on October 17, 2017. It alleged Defendant Danny Foster was an employee of SW Casing's predecessor-in-interest and claimed the Fosters refused to pay SW Casing for a 2012 Chevrolet 3500 truck the Fosters allegedly sold without SW Casing's knowledge.[1] The Fosters did not file an answer, and no attorney entered an appearance on their behalf. The trial court entered a default judgment against the Fosters in the amount of $28,500 on May 22, 2018. The court's order states default judgment was entered after a hearing "on the request of [SW Casing]," but the record shows SW Casing did not file a motion for default judgment. The Fosters moved to vacate the default judgment on June 20, 2018. They argued the default judgment was irregular under 12 O.S. 2011 §1031(3) because SW Casing failed to obtain proper service, file a motion for default judgment, or provide notice before the judgment was entered. After a hearing, the trial court denied the Fosters' motion to vacate.

¶3 We review a district court's order vacating or refusing to vacate a judgment for abuse of discretion. Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 78, ¶5, 13 P.3d 480. Although a trial court is vested with wide discretion in denying a motion to vacate, its order will be reversed if the trial court is deemed to have erred with respect to a pure, simple and unmixed question of law. See Jones, Givens, Gotcher & Bogan, P.C. v. Berger, 2002 OK 31, ¶5, 46 P.3d 698.

¶4 In Schweigert, the Oklahoma Supreme Court examined the language of District Court Rule 10 and concluded:

Rule 10 provides not only that a motion must be filed and notice given to a party who has appeared, but that the motion must be filed even if no notice was required . . . a motion must be filed in all instances, even when a party fails to make an appearance, and the motion must recite what notice was given, and, if none were given, the reason therefore.

Schweigert, 2015 OK 20, ¶15 (emphasis added).[2] The Court found the failure to file a motion prior to the entrance of default judgment constitutes "an irregularity in the proceedings" under 12 O.S. 2011 §1031(3) "that le[aves] the district court without means of determining whether [the plaintiff] was required to give notice, and, if so, whether the notice conformed to due process prerequisites of entering judgment." See id., ¶¶8 & 15.

¶5 Here, the trial court entered default judgment after a hearing upon SW Casing's request, but SW Casing did not file a motion for default judgment as was required. SW Casing does not respond to the Fosters' argument that the court should have vacated the judgment due to this irregularity.[3] Rule 10 "mandates that a motion must be filed in all instances, even when a party fails to make an appearance, and the motion must recite what notice was given, and, if none were given, the reason therefore." Schweigert, 2015 OK 20, ¶15. The trial court, accordingly, abused its discretion by failing to vacate the default judgment pursuant to §1031(3) where no motion was filed before the entrance of judgment.

¶6 The decision of the trial court is reversed, the default judgment is vacated, and the case is remanded for further proceedings.

¶7 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

GOREE, J., concurs

SWINTON, V.C.J., dissents.

¶1 I respectfully dissent and would reverse on other grounds. The majority finds that Schweigert and Asset Acceptance LLC require the Plaintiff to file a motion for default judgment when the Defendant fails to respond to the Petition. However, both cases are distinguishable from the case at issue and would create new legal requirements for Plaintiffs that are not found in District Court Rule 10.

¶2 The plain language of Rule 10 includes in the last paragraph "Notice of taking default is not required where the defaulting party has not made an appearance." Here, the Defendant did not appear in any context before judgment was taken. In Schweigert the court found the Father's appearance at the Temporary Hearing in a domestic court setting was sufficient to require notice before a default. Likewise, in Asset Acceptance LLC, the court found the use of a modified summons altered the Plaintiff's responsibilities to notify the court before taking judgment against the Defendant.

¶3 In the present case, I would reverse and follow the language of Asset Acceptance LLS, and find that because the summons was served with the wrong case number and that for the second named Defendant, no service was had due to his international travel. The majority ruling would require the added cost for a motion for default in every case where a Defendant does not respond and that is a requirement not found in District Court Rule 10.

FOOTNOTES

[1] Presumably, SW Casing also intends to allege ownership of the truck, although the petition does not directly state as such.

[2] Rule 10 provides, in pertinent part:

In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown. If the addresses of both the party and his attorney are unknown, the motion for default judgment may be heard and a default judgment rendered after the motion has been regularly set on the motion and demurrer docket. It shall be noted on the motion whether notice was given to the attorney of the party in default, to the party in default, or because their addresses are unknown, to neither. . . .

Notice of taking default is not required where the defaulting party has not made an appearance.

Rule 10 of the Rules for District Courts, 12 O.S. 2011, ch. 2, app.

[3] SW Casing focuses on case law holding that notice of taking a default judgment is not required where the defaulting party has not made an appearance or filed any pleadings. See Bovasso v. Sample, 1982 OK 84, 649 P.2d 521 and Bailey v. Campbell, 1991 OK 67, 862 P.2d 461. We also acknowledge the first sentence of the second paragraph of Rule 10 which also says "Notice of taking default is not required where the defaulting party has not made an appearance." That appears to be the law. Although "notice" may have not been required in the instant case, Schweigert makes it clear that a motion was required. It may be an unsettled question of law, but, arguably, as here, where there has been no appearance made, the motion for default judgment would not then have to be served on the defaulting parties.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 78, 13 P.3d 480, 71 OBJ 2590, FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed
 2002 OK 31, 46 P.3d 698, JONES, GIVENS, GOTCHER & BOGAN, P.C. v. BERGER
Discussed
 2015 OK 20, 348 P.3d 696, SCHWEIGERT v. SCHWEIGERT
Discussed at Length
 1991 OK 67, 862 P.2d 461, Bailey v. Campbell
Discussed
 1982 OK 84, 649 P.2d 521, Bovasso v. Sample
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1031, District Court, Power to Vacate or Modify its Judgments, When
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA